TAM:DCL:js

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDITH ANGIOLETTI,

        Plaintiff

      -against-

ANTHONY FOXX, Secretary,
U.S. Department of Transportation,

        Defendant.
-------------------------------------------------------------------X

Civil Action No.
14-CV-05848
(LDW) (ARL)

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Defendant
610 Federal Plaza
Central Islip, NY 11722

DIANE C. LEONARDO
Assistant United States Attorney
(Of Counsel)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...……………………………………………………… ii

PRELIMINARY STATEMENT ......................………………………………………1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT...........................................................................................................2

   A.  Plaintiff Failed to Timely Exhaust
       Administrative Remedies........................................................................................3

   B.  Accrual of the Forty-Five Day Period.....................................................................4

CONCLUSION........................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Alleyne v. American Airlines, Inc.*, 548 F.3d 219 (2d Cir. 2008) ..........................4

*Belgrave v. Pena*, 254 F.3d 384 (2d Cir. 2001) ...............................................3, 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)(citations omitted)..........................2

*Boos v. Runyon*, 201 F.3d 178 (2d Cir. 2000).....................................................3

*Brass v. America Film Technologies, Inc.*, 987 F.2d 142 (2d Cir. 1993)..........................2

*Briones v. Runyon*, 101 F.3d 287 ...................................................................3, 4

*Cornwell v. Robinson*, 23 F.3d 694 (2d Cir.1994)..................................................4

*DeSalvo v. Metropolitan Opera Association*, No. 97-7980, 1998 U.S. App. LEXIS 22521 (2d Cir. Apr. 16, 1998) ...........................................................5

*Delaware State College v. Ricks*, 449 U.S. 250 (1980) ............................................4

*Fitzgerald v. Henderson*, 251 F.3d 345 (2d Cir. 2001)............................................3

*Flaherty v. Metromail Corp.*, 235 F.3d 133 (2d Cir. 2000) ......................................5

*Giordano v. Potter,* 2004 WL 45526 (N.D.N.Y. Jan. 9, 2004) ........................................4

*Gomes v. Avco Corp.*, 964 F.2d 1330 (2d Cir. 1992) ..............................................3

*Harris v. City of N.Y.*, 186 F.3d 243 (2d Cir. 1999) ................................................4

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011)....................................3

*Lanham v. Shinseki*, 662 F. Supp. 2d 238 (D. Conn. 2009), aff'd 400 Fed. Appx. 609, 611 (2d Cir. 2010)..................................................................................6

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683 (2d Cir. 2001) ...................3

*Smith v. United Parcel Serv. of America*, 65 F.3d 266 (2d Cir. 1995) ..............................5

*United States v. City of New York*, 631 F. Supp. 2d 419 (S.D.N.Y. 2009).........................4

*Wastak v. Lehigh Valley Health Network*, 342 F.3d 281 (3d Cir. 2003) ............................4

**FEDERAL STATUTES**

29 C.F.R. § 1614.105(a)(1) ................................................................................................3

Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 <u>et
 seq</u> .............................................................................................................................1, 2

Fed. R. Civ. P. 12 (b)(6) ....................................................................................................1

("Title VII"), 42 U.S.C. § 2000e <u>et</u> <u>seq</u> ...............................................................................1

## PRELIMINARY STATEMENT

Defendant Anthony Foxx ("Defendant") submits this memorandum of law in support of his motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). The Amended Complaint seeks declaratory relief as well as compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 et seq. stemming from Plaintiff Edith Angioletti's ("Plaintiff") termination from the United States Merchant Marine Academy (the "Academy"). See Declaration of Diane C. Leonardo, dated January 30, 2015 ("Leonardo Decl."), Exhibit "A," Amended Complaint at ¶ 1. Plaintiff alleges that she was unlawfully terminated based on her sex and her age. Id. at ¶¶ 18, 29. Plaintiff also alleges that she was terminated in retaliation for her complaints of discrimination. Id. at ¶¶ 23, 35.

Plaintiff's claims of discrimination and retaliation are untimely because she failed to timely exhaust her administrative remedies by seeking counseling with an Equal Employment Opportunity (""EEO") counselor within 45 days of the notice of termination. Accordingly, the Amended Complaint should be dismissed.

## STATEMENT OF FACTS

Plaintiff was hired as a permanent non-appropriated fund instrumentality ("NAFI") employee of the Academy in February 2008. See Leonardo Decl., Exhibit "A," Amended Complaint at ¶ 8. In February 2009, Plaintiff and other NAFI employees were reclassified from NAFI employees to temporary Federal appointments because the rules for the use of non-appropriated funds had changed. Id. at ¶ 9. Plaintiff alleges that Academy employees "assured"

her that her position would eventually be converted to a permanent positon.  Id.   Plaintiff claims that her "numerous requests and inquiries [to the Academy] regarding her potential conversion to a permanent federal employee" were ignored.  Id. at ¶ 11.  Plaintiff alleges that prior to and following her notice of termination, she "raised her concerns that only military veterans and male younger civilian employees were being hired for permanent positions, but nothing became of her complaints."  Id. at ¶ 14.  Plaintiff claims that she was "essentially told that there was little chance she would be retained or even be considered for her current position considering her constant complaints."  Id.  Plaintiff acknowledged that she was given a "separation from employment package" in December 2010 and advised that her employment would be terminated effective February 14, 2011.  Id. at ¶ 13.  Plaintiff was terminated on February 14, 2011.  Id. at ¶ 15.  Plaintiff filed a complaint of discrimination with the Director of the Office of Civil Rights for the Maritime Administration on March 8, 2011.  See Leonardo Decl., Exhibit B, Letter dated March 8, 2011; see also Exhibit C, EEO Counselor's Report dated October 13, 2011 (listing date of initial contact as March 8, 2011).

## ARGUMENT

To avoid dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level . . . , on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted).  In assessing the sufficiency of plaintiff's allegations, the Court accepts as true all well-pled factual allegations and considers documents attached as exhibits to or incorporated by reference in the complaint, as well as matters as to which it can take judicial notice.  Brass v. Am. Film

Techs., Inc., 987 F. 2d 142, 150 (2d Cir. 1993) (citations omitted). In addition, "a complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011)(citations omitted).

A. **PLAINTIFF FAILED TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES**

Under Title VII, a plaintiff alleging employment discrimination against a federal agency is required to exhaust his or her administrative remedies before filing suit in federal court. See Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir. 2001); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001); Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001)("Prior to bringing suit under ... Title VII... a federal government employee must timely exhaust the administrative remedies at his disposal."); Briones v. Runyon, 101 F.3d 287. 289 (2d Cir. 1996)(plaintiff must "exhaust available administrative remedies in a timely fashion" before filing Title VII suit in federal district court). "Regulations promulgated by the [EEOC] establish the applicable administrative procedures that a federal employee must exhaust prior to filing suit." Belgrave, 254 F.3d at 386.

"An aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act." Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000) (citing 29 C.F.R. § 1614.105(a)(1)). Failure to timely seek counseling with an EEO counselor results in the claim being time-barred in federal court. Gomes v. Avco Corp., 964 F2d 1330, 1332-33 (2d Cir. 1992); see also Fitzgerald, 251 F.3d at 359 ("The 45-day period serves as a statute of limitations; thus, as a general rule, claims alleging conduct that occurred more than 45 days prior to the

employee's initiation of administrative review are time-barred."); Briones, 101 F.3d at 289-90 (failure to bring a Title VII claim within the required time period "ordinarily preclude[s] a plaintiff from pursuing a discrimination claim in federal court").

**B.      Accrual of the Forty-Five Day Period**

The forty-five day limitations period accrues from the "date of the alleged discriminatory event, or of the date that [the employee] knew or should have known of the discriminatory event." Briones, 101 F.3d at 290; see also Delaware State College v. Ricks, 449 U.S. 250 (1980); Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir.1994); United States v. City of New York, 631 F. Supp. 2d 419, 428 (S.D.N.Y. 2009) (citing Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999)). A discrimination claim does not accrue when the employee learns of a discriminatory motive behind a prior adverse employment action, but rather when the Plaintiff becomes aware of the actual injury, i.e the adverse employment action. Giordano v. Potter, CV-03-0698, 2004 WL 45526, at *1 (N.D.N.Y. Jan. 9, 2004) (citing Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 286 (3d Cir. 2003) ("[A] claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong.")

Further, the 45 day filing limitation period begins when a plaintiff receives a **notice** of termination, rather than the actual date of termination of employment. See Ricks, 449 U.S. at 258 (emphasis supplied); see also Alleyne v. American Airlines, Inc., 548 F.3d 219, 222 (2d Cir. 2008). In determining the date of accrual, the Supreme Court, and courts in this Circuit, consistently hold that the accrual begins when the employee is **notified** of the termination. See Ricks, 449 U.S. at 258 (the "proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.")(internal citation omitted);

4

Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000)(" In discriminatory discharge cases, then, the illegal act is often the decision to terminate the employee, and the limitations period begins to run on the date that the employer gives definite notice of that decision to the employee."); Smith v. United Parcel Serv. of Am., 65 F.3d 266, 268 (2d Cir. 1995)("Thus, the limitation period begins to run on the date when the employee receives a definite notice of the termination."); DeSalvo v. Metropolitan Opera Ass'n, No. 97-7980, 1998 U.S. App. LEXIS 22521, at *3 (2d Cir. Apr. 16, 1998)("In the case of a discriminatory discharge, the … period of limitation begins to run on the date when the employee receives a definite notice of the termination, not upon his discharge.")

Here, Plaintiff asserts that she was given a separation from employment package in December 2010 with termination effective February 14, 2011. Plaintiff alleges that she was terminated for discriminatory reasons based upon her age and sex and in retaliation for her alleged prior complaints.[1] Accordingly, Plaintiff's claims of discrimination and retaliation accrued no later than December 2010, the day she was notified of her termination. Plaintiff's first contact with an EEO counselor was on March 8, 2011, more than 45 days later than the December accrual date.[2] Therefore, Plaintiff's claims of discrimination based upon sex, age or retaliation are untimely.

---

[1] Plaintiff's only EEO complaint was in March 8, 2011, after her termination. To the extent Plaintiff claims her informal complaints in conversations with Academy staff constituted a complaint of discrimination, her complaint of retaliatory termination remains untimely.

[2] Plaintiff acknowledged that she was notified of her February 14, 2011 termination date in December 2010. See Exhibit A at ¶ 13. Accordingly, and assuming arguendo that she was notified on the last day of December 2010, the EEO process should have started no later than, coincidentally, February 14, 2011, 45 days later.

Further, Defendant has not waived any defenses to the timeliness of the filing of Plaintiff's complaint with the EEO.[3] When the EEO investigates a complaint, the government does not waive any defenses with regard to the untimely filing. See Belgrave, 254 F.3d at 387 ("government agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint."). see also Lanham v. Shinseki, 662 F. Supp. 2d 238, 242-243 (D. Conn. 2009), aff'd 400 Fed. Appx. 609, 611 (2d Cir. 2010)("A government agency does not waive a defense of failure to timely exhaust administrative remedies by accepting and investigating a complaint.")

Thus, the mere acceptance of a complaint by the EEO does not waive Defendant's defense of untimeliness. Accordingly, Plaintiff's complaint to the EEO was untimely and the Amended Complaint should be dismissed.

---

[3] In Plaintiff's response to Defendant's pre-motion letter, Plaintiff suggested that Defendant waived the timeliness issue because the EEO investigated the complaint. See Defendant's Letter filed December 9, 2014, Docket Entry ("DE") 9. As discussed herein, Plaintiff's argument is without merit.

## CONCLUSION

Based on the foregoing, Plaintiff failed to seek counseling with an EEO counselor within 45 days of being notified of her termination. Accordingly, the Amended Complaint should be dismissed in its entirety.

Dated: Central Islip, New York
      January 30, 2015

                              Respectfully submitted,
                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              Attorney for Defendant
                              610 Federal Plaza, 5th Floor
                              Central Islip, New York 11722

                By:    /s/Diane C. Leonardo
                              DIANE C. LEONARDO
                              Assistant U.S. Attorney
                              (631) 715-7854