UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDITH ANGIOLETTI,

                       Plaintiff,

  -against-

ANTHONY FOXX, Secretary, U.S. Department
of Transportation,

                       Defendant.
------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 14-5848

(Wexler, J.)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 2 2016 ★

LONG ISLAND OFFICE

APPEARANCES:

LOCKSLEY O. WADE
By:   Locksley O. Wade, Esq.
11 Broadway, Suite 615
New York, New York 10004
Attorney for Plaintiff

UNITED STATES ATTORNEYS OFFICE
By:   Diane C. Leonardo-Beckmann, Esq., James H. Knapp, Esq., and Susan L. Riley, Esq.
610 Federal Plaza
Central Islip, New York 11722
Attorneys for Defendant

WEXLER, District Judge:

      Plaintiff Edith Angioletti commenced this action against Anthony Foxx, as Secretary of the United States Department of Transportation, alleging that defendant discriminated and retaliated against her because of her gender and age in violation of federal law. Currently before the Court is defendant's motion for summary judgment. *See* Motion, Docket Entry ("DE") [43].

**I. BACKGROUND**

      Plaintiff was hired in February 2008 as an administrative assistant to the chapel manager at the United States Merchant Marine Academy ("the Academy"). Plaintiff, who was 59 years old at the time of her hiring, was initially hired on a part-time basis as a permanent, non-

appropriated fund instrumentality ("NAFI") employee. After approximately ten months, plaintiff's position was converted to a full time position. Subsequent to plaintiff's hiring, the rules for the use of non-appropriated funds changed. As a result, plaintiff and other NAFI employees were re-classified to temporary Federal appointments. In February 2009, plaintiff was informed that her position had been reclassified to a two-year term for the period of February 14, 2009 through February 14, 2011.

Plaintiff claims that at least one year prior to the termination date, she had a conversation with Captain Eric Wallischeck regarding her age and retention of her position. Captain Wallischeck does not recall anyone raising the subject of age discrimination. At some unspecified time in December 2010, plaintiff was advised that her employment would be terminated effective February 14, 2011, and she was given a "separation from employment package." Other employees were also notified at this time, although plaintiff claims that some number of those others, including similarly situated male employees, were ultimately retained and converted to permanent positions. Plaintiff claims her supervisor, Captain Wallischeck, assured her on several occasions that he was converting her to a permanent position and that her job was secure. Defendant disputes this fact.

Plaintiff was terminated on February 14, 2011, and her position was taken by a female veteran. Plaintiff claims that she applied for her position when it was posted, but was not considered for it; defendant notes that a woman was hired for the position pursuant to federal hiring policies providing a hiring preference for veterans. While it is undisputed that plaintiff is not a veteran, she argues that defendant had the authority to restrict applicants for the position to current employees only, and that a hiring preference only applies to positions advertised outside.

Thus, she argues, use of the preference to fill her position was a pretext for gender and/or age discrimination.

## II. DISCUSSION

As a threshold matter, defendant argues that plaintiff failed to exhaust administrative remedies because she failed to timely raise the issue with her EEO administrator. According to defendant, she had 45 days from the time she was advised of her termination, a period that expired no later than February 14, 2011 (coincidentally the effective date of her termination). Plaintiff made her claim on March 8, 2011. Defendant has not, however, addressed the express language of the governing regulation, which states that "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, *in the case of personnel action, within 45 days of the effective date of the action.*" 29 C.F.R. § 1614.105 (emphasis supplied). As her termination was effective on February 14, 2011, her EEO complaint was timely under a plain reading of the regulation.

Defendant argues that plaintiff's discrimination claims fail as a matter of law. In employment discrimination cases, "an extra measure of caution is merited" is warranted before granting summary judgment "because direct evidence of discriminatory intent is rare and such intent often must be inferred from circumstantial evidence found in affidavits and depositions." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001)). Having reviewed the papers in support of and in opposition to the motion for summary judgment, the Court finds that genuine issues of material fact exist, including, *inter alia,* whether the use of the veteran's hiring preference procedure was a pretext for unlawful discrimination. Contrary to defendant's suggestion, the Court does not interpret plaintiff's claim as an argument that a veterans' hiring policy is facially

3

invalid, but rather that use of the policy was discretionary and its use in this particular instance was a pretext for discrimination against plaintiff based on her age and/or gender.

Accordingly, Defendant's motion for summary judgment is denied, and the trial will proceed on September 19, 2016 at 9:30 a.m.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       September 12, 2016